UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID BUTLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 12-11054-JLT |
| | * | |
| SHIRAZ BALOLIA, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

February 26, 2013

TAURO, J.

I. Introduction

This case arises from the breakdown of negotiations between Plaintiff David Butler and Defendant Shiraz Balolia. Butler asserts five counts against Balolia: 1) declaratory judgment; 2) breach of contract; 3) breach of implied covenant of good faith and fair dealing; 4) violation of Mass. Gen. Laws ch. 93A; and 5) specific performance[1]. Before the court are Balolia's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and Butler's motion to amend under Rule 15(a). For the reasons below, Balolia's Motion to Dismiss [#12] is ALLOWED, and Butler's Motion to Amend the Complaint [#18] is DENIED.

II. Facts[2]

---

[1] Butler brings this count for the first time in his proposed First Amended Complaint. Pl.'s Mot. to Amend Compl., Ex. 1 [#18] [hereinafter Proposed Am. Compl.].

[2] The court presents the facts in the light most favorable to Butler and, unless otherwise indicated, draws them from Butler's initial complaint. Notice Removal, Ex. 1, at 6 [#1] [hereinafter Compl.].

Butler, an inventor, has spent years developing his "Whirlwind" technology. This technology comprises safety devices for cutting tools, such as table saws. Butler holds several patents and patent applications relating to the technology.[3]

In February 2010, Balolia, president of Grizzly Industrial, Inc., contacted Butler regarding the sale of the Whirlwind technology. Butler made an initial offer, and the parties commenced negotiations. Balolia indicated concern over production costs and litigation risks, and Butler reduced his price accordingly.[4] Balolia then drafted a Letter of Intent, which both parties signed in April 2012.[5] The Letter of Intent contained all material terms for a subsequent purchase agreement.

After signing the Letter of Intent, Balolia's counsel conducted an additional review of the Whirlwind technology patents and concluded that they posed greater litigation risks than initially anticipated.[6] Balolia requested a further reduction in the purchase price and on May 21, 2012, proposed an entirely different deal.[7] Butler rejected these new terms.[8] He filed suit in Suffolk Superior Court on May 29, 2012. Balolia promptly removed the case to this court.

In a proposed amended complaint filed September 7, 2012, Butler outlines Balolia's subsequent transgressions. Balolia refused to negotiate a purchase agreement and insisted that

---

[3] Compl. ¶¶ 6-7.

[4] Compl. ¶¶ 9-16.

[5] Compl. ¶ 17.

[6] Compl. ¶ 22.

[7] Compl. ¶ 27.

[8] Compl. ¶ 28.

Butler respond to his May 21 proposal.[9] Although Butler provided additional information on the Whirlwind technology to facilitate the transaction, Balolia rejected Butler's proposed purchase agreement without explanation.[10] The Letter of Intent expired on June 20, 2012, without consummation of the contemplated transaction.[11]

III.   Discussion

    A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include factual allegations that demonstrate a plausible claim for relief.[12] The "court must 'take all factual allegations as true and draw all reasonable inferences in favor of the plaintiff.' "[13] Nevertheless, the court need not accept the plaintiff's legal conclusions, and the plaintiff must provide more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."[14] In ruling on a 12(b)(6) motion, the court may properly consider exhibits attached the complaint.[15]

    B.   Balolia's Motion to Dismiss

In a diversity action, such as this, the court must apply the choice-of-law rules of the

---

[9] Proposed Am. Compl. ¶ 31.

[10] Proposed Am. Compl. ¶¶ 34-36.

[11] Proposed Am. Compl. ¶ 41.

[12] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58 (2007).

[13] Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007) (emphasis omitted)).

[14] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

[15] Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008).

forum state.[16] "In the absence of a conflict with public policy, Massachusetts honors choice-of-law provisions in contracts."[17] Because this private dispute does not implicate any Massachusetts public policy, the court honors the Letter of Intent's choice-of-law provision and applies Washington state law.[18]

Washington follows the objective manifestation theory of contracts, under which the court construes an agreement as a matter of law through examination of the objective manifestations of the agreement.[19] Under Washington law, an agreement to agree, which is "an agreement to do something which requires a further meeting of the minds of the parties and without which it would not be complete,"[20] is unenforceable.[21] Furthermore, "there is no 'free-floating' duty of good faith and fair dealing that is unattached to an existing contract."[22]

Although Butler seeks a declaration that the Letter of Intent created an enforceable contract, the court concludes that the parties merely entered into an agreement to agree.[23] The

---

[16] Aspect Software, Inc. v. Barnett, 787 F. Supp. 2d 118, 125-26 (D. Mass. 2011) (citing Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).

[17] Ne. Data Sys., Inc. v. McDonnell Douglas Computer Sys. Co., 986 F.2d 607, 610 (1st Cir. 1993).

[18] Letter of Intent, ¶ 8, Notice Removal, Ex. 1, at 15 [#1] [hereinafter Letter of Intent].

[19] Hearst Commc'ns, Inc. v. Seattle Times Co., 155 P.3d 262, 267 (Wash. 2006); Wright v. Dave Johnson Ins. Inc., 275 P.3d 339, 347 (Wash. Ct. App. 2012).

[20] Sandeman v. Sayres, 314 P.2d 428, 429 (Wash. 1957).

[21] Keystone Land & Dev. Co. v. Xerox Corp., 94 P.3d 945, 948 (Wash. 2004) (citing Sandeman, 314 P.2d at 429).

[22] Id. at 949.

[23] Even if the parties entered into a "contract to negotiate," "[n]o Washington court has directly addressed whether a contract to negotiate is independently enforceable." P.E. Sys., LLC

Letter of Intent states that the parties "intend to negotiate and enter into a separate Purchase Agreement"[24] and "will use their best efforts to negotiate and attempt to agree to terms for the Purchase Agreement."[25] Because the Letter of Intent clearly contemplates a future purchase agreement after additional negotiations,[26] this court cannot enforce it as a binding contract.[27] Consequently, Counts I-IV,[28] along with proposed Count V, all of which depend on the existence of an enforceable contract, must be dismissed.

C. Butler's Motion to Amend

Under Rule 15, a court should "freely give leave [to amend] when justice so requires."[29] Nevertheless, it need not allow futile attempts at amendment, where the proposed complaint

---

v. CPI Corp., 289 P.3d 638, 644 (Wash. 2012) (quoting Keystone Land, 94 P.3d at 948). In the absence of such a directive, this court declines to extend the doctrine.

[24] Letter of Intent, ¶ 1.

[25] Letter of Intent, ¶ 2.

[26] Butler acknowledges that the Letter of Intent contemplated additional negotiations and a separate purchase agreement. See Compl. ¶ 38.

[27] Pac. Cascade Corp. v. Nimmer, 608 P.2d 266, 268 (Wash. Ct. App. 1980) ("An agreement to negotiate a contract in the future is nothing more than negotiations." (internal citations omitted)); see Rennick v. O.P.T.I.O.N. Care, Inc., 77 F.3d 309, 315 (9th Cir. 1996) ("Generally, 'letter of intent' refers to a writing documenting the preliminary understandings of parties who intend in the future to enter into a contract.").

[28] Count IV of Butler's complaint alleges a violation of Mass. Gen. Laws ch. 93A for egregious breach of contract. Without an enforceable contract, Butler's allegations that Balolia failed to consummate the proposed sale do not state a claim under Chapter 93A. Because Butler has failed to state a claim in any event, the court does not address Balolia's argument that the Letter of Intent's choice-of-law provision precluded Butler from bringing a Chapter 93A claim.

[29] Fed. R. Civ. P.15(a)(2).

5

would still fail to state a claim under Rule 12(b)(6).[30]

Butler's proposed complaint is a futile attempt at amendment. The proposal does not significantly alter the original complaint but rather provides additional allegations that Balolia continued to reject the contemplated transaction even after Butler filed his complaint.[31] These new allegations do not affect the court's construction of the Letter of Intent as an unenforceable agreement to agree, and they do not save Butler's claims from dismissal.

IV.  Conclusion

For the foregoing reasons, Balolia's Motion to Dismiss [#12] is ALLOWED. Butler's Motion to Amend the Complaint [#18] is DENIED.

AN ORDER HAS ISSUED.

/s/ Joseph L. Tauro
United States District Judge

---

[30] Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

[31] Butler's motion may in fact be more properly considered a motion to file a supplemental pleading. See Fed. R. Civ. P. 15(d).