```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

David BUTLER,                    )
     Plaintiff,                  )
                                 )
          v.                     )    C.A. No. 12-11054-MLW
                                 )
Shiraz BALOLIA,                  )
     Defendant.                  )

                      MEMORANDUM AND ORDER

WOLF, D.J.                                    September 10, 2014

I.   INTRODUCTION

In 2012, plaintiff David Butler filed this suit against defendant Shiraz Balolia in Massachusetts state court, alleging that Balolia had failed to comply with a letter of intent that the two had signed regarding the purchase of Butler's "Whirlwind" invention. After the case was removed to the United States District Court for the District of Massachusetts, Balolia filed a motion to dismiss for failure to state a claim, and Butler filed a motion for leave to amend the complaint. In February 2013, Judge Joseph Tauro allowed the motion to dismiss, based on his interpretation of Washington state contract law. See Butler v. Balolia, C.A. No. 12-11054-JLT, 2013 WL 752363 (D. Mass. Feb. 26, 2013). Judge Tauro also denied the motion for leave to amend, explaining that any such amendment would be futile because the proposed amended complaint did not alter the underlying legal theory of the original complaint. See id. The First Circuit subsequently vacated Judge Tauro's decision based on its reading of Washington law, and remanded the case. It has been randomly

reassigned to this court.

On remand, the plaintiff filed his First Amended Complaint without leave from the court or the consent of the defendant to do so. The defendant then filed a Motion to Strike the First Amended Complaint.

Although the plaintiff should have renewed his motion for leave to amend the complaint following remand, his failure to do so is not fatal. For the reasons explained below, the defendant's Motion to Strike is being denied, and the First Amended Complaint is now the operative complaint in this case.

II. PROCEDURAL HISTORY

A. Proceedings Before Judge Tauro

On May 29, 2012, plaintiff David Butler filed suit in Suffolk County Superior Court against defendant Shiraz Balolia. In his complaint, Butler alleged that he and Balolia had both signed a letter of intent ("LOI") stating that the parties intended to enter into a separate agreement for Balolia to purchase the technology underlying Butler's patented "Whirlwind" invention, which relates to safety devices for power tools. When the purchase was not consummated, Butler sued Balolia for: (1) a declaration that the LOI was a binding and enforceable contract; (2) damages for breach of contract; (3) damages for breach of the implied covenant of good faith and fair dealing; and (4) damages for violation of Mass. Gen. Laws. ch. 93A. See Compl. ¶¶35-61.

On June 13, 2012, Balolia removed the case to the District of Massachusetts, invoking diversity jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1446. On August 3, 2012, Balolia filed a motion to dismiss for failure to state a claim, which Butler opposed. On September 7, 2012, Butler filed a motion for leave to amend his complaint, seeking to add additional factual allegations about events that occurred after the original complaint was filed and to add a fifth count for specific performance. See Pl.'s Mot. for Leave to Amend Compl.

In a decision issued on February 26, 2013, Judge Tauro allowed the defendant's motion to dismiss. Judge Tauro applied the law of Washington state, as specified in the LOI's choice-of-law provision. See Butler v. Balolia, C.A. No. 12-11054-JLT, 2013 WL 752363, at *2 (D. Mass. Feb. 26, 2013). He "conclude[d] that the parties merely entered into an agreement to agree," id., and that such agreements are unenforceable under Washington law, id. (citing Keystone Land & Dev. Co. v. Xerox Corp., 94 P.3d 945, 948 (Wash. 2004)). In the same order, Judge Tauro also denied Butler's motion for leave to amend, solely on the grounds that the proposed amended complaint was "futile" because the "new allegations do not affect the court's construction of the [LOI] as an unenforceable agreement to agree." Id.

B. Appeal

The First Circuit vacated the judgment and remanded. See

Butler v. Balolia, 736 F.3d 609, 618 (1st Cir. 2013). The First Circuit acknowledged that the Washington Supreme Court had not directly addressed whether to "recognize a cause of action for breach of a contract to negotiate." Id. at 612. However, the court concluded that "the district court erred in deeming the absence of an on-point opinion from the state's highest court dispositive," id. at 612, and stated that "[t]he goal is to replicate, as well as possible, the decision that the state's highest court would be likely to reach," id. at 613 (emphasis added). The court concluded that:

> In this case, all roads lead to Rome. After surveying the relevant legal landscape in Washington and beyond and weighing the pertinent policy considerations, we conclude that the Washington Supreme Court will in all probability recognize the enforceability of contracts to negotiate when it squarely confronts that issue.

Id. at 616.

The First Circuit then turned to the complaint, which the court admitted was "not a model of clarity." Id. The court concluded that the LOI, as described in the complaint, could be construed as a contract to negotiate binding under Washington law, and that the complaint "plausibly alleges a breach of that contract." Id. at 617. However, the court was explicit that "[w]e do not hold either that the LOI is an enforceable contract to negotiate or that, if it is, the defendant breached it. Those matters remain subject to proof." Id. at 618. The court also noted that, on remand, the district court "it remains free to

4

certify specific questions to the Washington Supreme Court." Id. (citing Wash. Rev. Code §2.60.020).

Finally, the First Circuit turned to the district court's other rulings:

> In addition to dismissing the breach of contract claim, the district court also dismissed the plaintiff's implied covenant of good faith and Chapter 93A claims and denied his motion for leave to amend. See Butler, 2013 WL 752363, at *2. Although these rulings implicate different legal theories and standards, the entire decision of the court below rested on its erroneous determination that no enforceable contract existed between the parties. See id. Because our holding that the complaint plausibly states a claim for breach of a contract to negotiate undermines the district court's reasoning, we believe that all the components of the decision must be revisited.

Butler, 736 F.3d at 618.

### C. Proceedings After Remand

Following the First Circuit's decision, the case was reassigned to this court. See Dec. 2, 2013 Order to Reassign Case. On February 14, 2014, Butler filed his First Amended Complaint, without having received leave to do so. This First Amended Complaint is identical to the proposed First Amended Complaint included with the Motion to Amend that Judge Tauro denied when he granted the motion to dismiss.

On February 19, 2014, the defendant filed his Motion to Strike Plaintiff's Amended Complaint, arguing that the Amended Complaint should be stricken because it had not been filed within the appropriate time limits to amend as a matter of right, and the

5

plaintiff had not obtained leave to amend from the court or consent from the defendant. See Mot. to Strike (citing Fed. R. Civ. P. 15(a)(1)-(2)). The plaintiff opposed the motion.

The defendant also filed three motions for extensions of time to respond to the Amended Complaint, citing the pending Motion to Strike. On May 27, 2014, the court allowed the motions and stated that "[t]he defendant shall respond to the operative complaint within 21 days of the court's decision on the defendant's pending Motion to Strike." May 27, 2014 Order at 2.

III. DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT

In his Motion to Strike, the defendant argues that the First Amended Complaint should be stricken because it falls outside of the time limits of Federal Rule of Civil Procedure 15(a)(1) for amendment as a matter of right, and because the plaintiff received neither leave of court nor consent from the defendant. See Mot. to Strike at 1. The defendant notes that:

> [T]he First Circuit did not grant plaintiff's motion for leave to amend. Instead, the First Circuit vacated the judgment and remanded for further proceedings, directing that "all components of the [District Court's] decision . . . be revisited."
>
> Plaintiff's tactic in filing the Amended Complaint without leave of court is calculated not only to deprive defendant of his right to raise objections, but also to circumvent this Court's "revisiting" of plaintiff's motion for leave to amend as directed by the First Circuit.

Id. at 1 (alterations in original) (citations omitted).

Although the defendant correctly argues that the plaintiff should have renewed his original motion for leave to amend, the plaintiff's failure to do so does not require that the First Amended Complaint be stricken. Instead, the court is ruling on the defendant's Motion to Strike as though it were an opposition to a renewed motion for leave to amend.

Under the Federal Rules of Civil Procedure, the court may permit a party leave to amend its pleadings, and it "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend should be allowed unless there is an "apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman, 371 U.S. at 182; see also Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. 1996).

Here, the court discerns no "apparent or declared reason" that Butler should not be permitted to amend his complaint at this stage of the litigation. Although the plaintiff erred by not renewing his motion for leave to amend when the case was remanded, there is also nothing to suggest that the plaintiffs' filing of the First Amended Complaint was done in bad faith or was intended to slow the progress of this case. Nor will the defendant be unfairly

prejudiced by an amendment. The First Amended Complaint was filed shortly after the case was remanded, and the defendant has not yet filed an Answer, either to the original complaint or the proposed First Amended Complaint.

Finally, the court discerns no futility in such an amendment. As explained earlier, Judge Tauro's determination that the First Amended Complaint was futile was based on his determination that the LOI, as described in the original complaint, was an unenforceable agreement to agree. Because the First Circuit has rejected this reasoning, and because the First Amended Complaint does not alter the legal theory underlying the original complaint, the First Amended Complaint does not appear futile. Although the First Amended Complaint does add a request for specific performance, the defendant has already conceded that this request "adds nothing legally to Plaintiff's alleged claims." Def.'s Opp. to Pl.'s Mot. for Leave to Amend Compl. ¶2.

Therefore, because the court sees no "apparent or discerned reason" to deny the plaintiff leave to amend his complaint, the defendant's Motion to Strike is being denied.

IV. ORDER

Accordingly, it is hereby ORDERED that:

1. Defendant's Motion to Strike Plaintiff's Amended Complaint (Docket No. 41) is DENIED.

2. The operative complaint in this case shall be the First Amended Complaint (Docket No. 39).

3. Pursuant to the May 27, 2014 Order, the defendant shall respond to the First Amended Complaint by October 3, 2014.

/s/ Mark L. Wolf<br>
UNITED STATES DISTRICT JUDGE