UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID BUTLER,<br>    Plaintiff,<br><br>            v.<br><br>SHIRAZ BALOLIA,<br>    Defendant. | )<br>)<br>)<br>)    Civ. No. 12-11054-MLW<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                             September 30, 2015

Defendant Shiraz Balolia's motion to dismiss plaintiff David Butler's claims for the alleged violation of Massachusetts General Laws Chapter 93A and for specific performance are meritorious. Therefore, these claims are being dismissed without prejudice to the filing of an Amended Complaint alleging a violation of the Washington Consumer Protection Act, Wash. Rev. Code §19.86 et. seq., and to plaintiff receiving specific performance as an equitable remedy if he prevails on his breach of contract claim.

Chapter 93A prohibits unfair or deceptive acts or practices. See M.G.L. c. 93A §2(a). "An action pursuant to G.L. c. 93A is 'neither wholly tortious nor wholly contractual in nature.'" Standard Register Co. v. Bolton-Emerson, Inc., 649 N.E.2d 791, 793 (Mass. App. Ct. 1995) (quoting Slaney v. Westwood Auto, Inc., 322 N.E.2d 768, 779 (Mass. App. Ct. 1975)). When a Chapter 93A claim is founded on acts that resemble a traditional breach of contract action, the contract's choice of law provision applies. Id.;

Worldwide Commodities, Inc. v. J. Amicone Co., Inc., 630 N.E.2d 615, 618 (Mass. App. Ct. 1994); Northeast Data Sys. v. McDonnell Douglas Computer Systems Company, 986 F.2d 607, 609 (1st Cir. 1993). Scrutiny of the First Amended Complaint persuades the court that the alleged contract violations are "at the core of" Butler's Chapter 93A claim. Worldwide Commodities, 630 N.E.2d at 618. The Letter of Intent which constitutes the alleged contract in this case states that it is governed by the laws of the state of Washington. See Docket No, 2-1, ¶8; Butler v. Balolia, 736 F.3d 609, 612 (1st Cir. 2013). Therefore, the Chapter 93A claim, Count IV, must be dismissed. See, e.g., Northeast Data Sys. v. McDonnell Douglas Computer Systems Company, 986 F.2d at 609-611. It is, however, appropriate to allow Butler to amend the complaint to allege a violation of the Washington counterpart of Chapter 93A. See F.R. Civ. P. 15(a)(2)("The court should freely give leave [to amend] when justice so requires."); Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendant correctly contends that specific performance is an equitable remedy rather than a cause of action. See Restatement (Second) Of Contracts §357(1) (1981); Feeney v. Transition Automation, Inc., Civil Action No. 06-11677-RWZ, 2008 U.S. Dist. LEXIS 4106, *5 (D. Mass. Jan 9, 2008). Therefore, Count V is being

dismissed without prejudice to specific performance possibly being ordered if a breach of contract claim is proven.

In view of the foregoing, it is hereby ORDERED that:

1. Defendant's Motion to Dismiss Counts IV and V (Docket No. 54) is ALLOWED without prejudice to the filing, by October 23, 2015, of a Second Amended Complaint alleging a violation of Wash. Rev. Code §19.86 et. seq.

2. Defendant shall respond to the Second Amended Complaint by November 13, 2015.

3. This case is REFERRED to the magistrate judge for pretrial purposes or, if the parties consent, for all purposes.

                          /s/ Mark L. Wolf
                          UNITED STATES DISTRICT JUDGE