UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 12-11054-JGD |
| SHIRAZ BALOLIA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF'S MOTION FOR A MISTRIAL AND FOR A NEW TRIAL

December 4, 2017

DEIN, U.S.M.J.

This matter is before the court on plaintiff, David Butler's ("Butler"), "Motion for Mistrial and for a New Trial under F.R.C.P. 59" (Docket No. 196) in which plaintiff argues that a mistrial should be declared and a new trial is warranted because the jury improperly disregarded this court's instructions on the Jury Verdict Form ("Verdict Form") and that as a matter of law the jury should have answered a question on the verdict form that it did not. After consideration of the parties' written submissions, the motion is DENIED.

Plaintiff's motion was filed five days after the conclusion of a two week jury trial. The single claim tried was for breach of contract to negotiate under Washington law for which plaintiff sought expectation damages only. The parties agreed that, under Washington law, to recover the expectation damages that the plaintiff was seeking, the plaintiff needed to prove by a preponderance of the evidence that the defendant breached the contract to negotiate by failing to negotiate in good faith; that had it not been for the defendant's failure to negotiate in

good faith, the parties would have entered into a final purchase agreement; and what the terms of that final purchase agreement would have been.  See Columbia Park Golf Course, Inc. v. City of Kennewick, 160 Wash. App. 66, 82-87, 248 P.3d 1067, 1076-78 (2011).[1]

The Verdict Form, which was approved by counsel prior to its presentation to the jury, memorialized that law over the course of three questions.  Question 1 stated "Did Mr. Butler prove by a preponderance of the evidence that Mr. Balolia breached the Letter of Intent by failing to negotiate in good faith toward the formation of a Purchase Agreement?"  Question 2 stated "Did Mr. Butler prove by a preponderance of the evidence (1) that had it not been for Mr. Balolia's failure to negotiate in good faith, the parties would have entered into a final purchase agreement, and (2) what the terms of that final purchase agreement would have been?"  Question 3 asked the jury to state "the amount of damages that Mr. Butler is entitled to recover."  The Verdict Form's instructions required the jury to find a unanimous "YES" on Question 1 before the jury proceeded to answer Question 2 and then required a unanimous "YES" on Question 2 before the jury proceeded to Question 3.

This court charged the jury on November 1, 2017.  On November 2, the jury sent a question to this court asking what would happen if the jury could not reach a unanimous verdict on Question 1.  (Draft Tr. Day 9, p. 1 at 9-11).  With the approval of counsel, the court answered that if no unanimous verdict were to be reached at the end of deliberations, the court would declare a mistrial, the jury would be discharged, and the case could be retried.  (Id., p. 12 at 25 through p. 13 at 1).  The court then instructed the jury to continue its deliberations. (Id., p. 13 at 2-4).  Later that day, the jury sent this court a note indicating that they were

---

[1] The plaintiff had expressly waived any claim to reliance damages.

2

frustrated and "getting nowhere." (Id., p. 17 at 12-16). In response, and with the approval of counsel for the parties, this court provided the jury with the Allen charge. (Id., p. 18 at 10-15; p. 20 at 16-25 through p. 23 at 5). On the morning of November 3, the jury sent the following question to this court: "We understand that we only answer question two if we are unanimous on question one. But are there any options to be divided on [question] one but unanimous on [question] two?" (Draft Tr. Day 10, p. 3 at 14-16). After excusing the jury from the courtroom, this court read the jury's question to counsel for the parties and had a full discussion with counsel, which included the following statements by plaintiff's counsel:

> THE COURT: [I]f it's a unanimous no on two, then that ends it. But if it's a unanimous yes on two, they still need to reach one. Do you want me to tell them that?
>
> MR. LAMBERT: I think that's what you have to tell them, Your Honor . . . .
>
> . . . .
>
> THE COURT: [A]t this point is everybody agreed if they say no on two, they don't have to go back and work out one?
>
> MR. LAMBERT: Yes.

(Id., p. 3 at 17-23; p. 4 at 24-25 through p. 5 at 2). Accordingly, this court instructed the jury, in response to its question, as follows:

> [Y]ou can go to question two. If there's a unanimous no on question two, you're done. Sign the verdict form, and you don't need to go back to question one. If you're a unanimous yes on question two, you need to go back to question one. And if you're a unanimous yes on one and two – you need to be unanimous yes on one and two to get to the damages amount in question three. So does that make sense?

3

(Id. p. 6 at 9-16). To which, the record reflects that everybody nodded. (Id. p. 6 at 17).[2] Not only did counsel for plaintiff not object to this instruction, but, as described above, he expressly approved the instruction and procedure.

The jury returned a verdict later that day, reaching a unanimous "NO" on Question 2 and having not reached a unanimous decision on Question 1. Counsel for plaintiff did not raise an objection as to the verdict at that time. Before discharging the jury, this court asked whether counsel had any comments. (Id. p. 8 at 24). Counsel for plaintiff stated "no." (Id. p. 8 at 25). The jury was then discharged.

By his motion plaintiff now requests that this court declare a mistrial and order a new trial, arguing that the jury improperly ignored the Verdict Form instructions and that since the jury did not reach a unanimous decision as to Question 1, it was improper and inappropriate for them to answer Question 2. (Pl. Br. at 1). This court finds this objection untimely and without merit. As evidenced by the record, the jury, in skipping Question 1 and providing a unanimous "NO" on Question 2, followed the instruction this court provided to them in response to their question on November 3. Counsel for plaintiff expressly agreed to that instruction. Thus, to the extent that plaintiff is arguing that the jury did not follow the court's order in making its verdict, that argument has no merit.

In addition, allowing the jury to answer Question 2 first did not alter the law applicable to the case. As the parties all agreed, for the plaintiff to recover the expectation damages he

---

[2] The court then repeated the instruction as follows: "You can skip one and go to two. If you have a unanimous no on two, you're done, and you don't need to go back to question one. If you have a unanimous yes on question two, you need to go back to question one. And if you have a unanimous on one and two, then you go to question three. If you don't have a unanimous yes on one and two, you don't reach the damage number." (Id., p. 6 at 19-25 through p. 7 at 1).

was seeking he had to establish that the defendant failed to negotiate in good faith, that had it not been for the defendant's failure to negotiate in good faith the parties would have entered into a final purchase agreement, and what the terms of that agreement would have been. There is no requirement in the law that these elements be presented in the form of separate questions. Nor is there a requirement that the jury consider the elements in any particular order. The plaintiff had the burden of proving all the elements of his claim, and the jury found that he failed to do so.

There was ample evidence to support the jury's verdict on Question 2. For example, but without limitation, there was evidence which the jury could have credited that the plaintiff did not own all the patent rights listed in the letter of intent. The jury could have determined that the parties would not have reached a final agreement because they did not agree as to either what was being sold or its value.

Finally, despite plaintiff's argument that the court should have declared a mistrial, at trial the plaintiff made it clear that he did not want a mistrial. It was obvious from their questions that the jury had not reached a unanimous verdict on Question 1. Nevertheless, plaintiff's counsel did not move for a mistrial, but, rather, wanted the jury to proceed to Question 2. Plaintiff's counsel had previously indicated a desire to avoid a mistrial, especially given the plaintiff's age. The decision to avoid a mistrial by having the jury move to Question 2 was a strategic decision that was amply supported by the facts of the case, the applicable law, and the plaintiff's personal circumstances.

For all these reasons, plaintiff's "Motion for Mistrial and for a New Trial under F.R.C.P. 59" (Docket No. 196) is DENIED.

/ s / Judith Gail Dein
					Judith Gail Dein
					United States Magistrate Judge